**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The City of Rock Hill, Respondent,

v.

Theotis E. Dunham, Appellant.

Appellate Case No. 2016-000544

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2019-UP-094
Submitted January 1, 2019 – Filed February 20, 2019

**AFFIRMED**

James W. Boyd, of James W Boyd Law Firm LLC, of
Rock Hill, for Appellant.

Senior City Solicitor Christopher Edward Barton, of
Rock Hill, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Williams*, 417 S.C. 209, 218, 789 S.E.2d 582, 587 (Ct. App.
2016) ("[A]n appellate court reviewing the circuit court's appeal may review for
errors of law only. Thus, an appellate court 'is bound by the trial court's factual
findings unless they are clearly erroneous.'" (first citation omitted) (quoting *State v.*

*Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006))); *State v. Williams*, 351 S.C. 591, 597, 571 S.E.2d 703, 706-07 (Ct. App. 2002) ("[T]he appellate standard of review in Fourth Amendment search and seizure cases is limited to determining whether any evidence supports the trial court's finding. . . ." (quoting *State v. Green,* 341 S.C. 214, 219 n. 3, 532 S.E.2d 896, 898 n.3 (Ct. App. 2000))); *State v. Vickery*, 399 S.C. 507, 520, 732 S.E.2d 218, 224 (providing "some basis for the location of the checkpoint" is required); *id*. (holding a law enforcement officer's personal knowledge and citizen complaints were sufficient to establish a basis for the location of a traffic stop).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.